**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VINCENT F. RIVERA,

    Petitioner,

-vs-                                                Case No.  8:13-CV-556-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging convictions for robbery and first degree murder entered in 1991 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1).

Because Petitioner filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for

habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner has previously sought federal habeas relief in this Court regarding the convictions he challenges in this action. *See Rivera v. Secretary, Department of Corrections*, 8:99-cv-1875-T-17EAJ (M.D. Fla. 1999) (dismissed September 2, 1999). Clearly, this is a second or successive petition.

Therefore, pursuant to 28 U.S.C. 2244(b)(3), Petitioner must seek and obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). Petitioner has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his application. This case, therefore, will be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, it is **ORDERED** that Petitioner's petition (Dkt. 1) is **DISMISSED** without prejudice. The **Clerk** is directed to close this case and send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition

writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citations and internal quotation marks omitted). Because the petition is clearly successive, Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on February 28, 2013.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Petitioner

3